UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE ESTATE OF YARON UNGAR by and through its Administrator, DAVID STRACHMAN; DVIR UNGAR, minor, by his guardians and next friends, YISHAI UNGAR, minor, by his guardians and next friends, PROFESSOR MEIR UNGAR, JUDITH UNGAR, individually and in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR; RABBI URI DASBERG, and JUDITH DASBERG, in their capacity as legal guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR; AMICHAI UNGAR; DAFNA UNGAR; and MICHAL COHEN,

        Plaintiffs / Judgment-Creditors,

    -against-

ORASCOM TELECOM HOLDING S.A.E.

        Defendant / Garnishee.
-------------------------------------------------------------------X

Civil Action No. 07 CV 2572 (CM) (LMS)

**FIRST AMENDED COMPLAINT**

PLAINTIFFS, complaining of the Defendant / Garnishee, by their attorneys, JAROSLAWICZ & JAROS, LLC, allege for their first amended complaint as follows:

**NATURE OF PROCEEDING AND RELIEF REQUESTED**

1. Plaintiffs hold a final judgment in excess of $116,000,000 against the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") that was entered by the United States District Court for the District of Rhode Island on July

13, 2004, and thereafter registered in this Court pursuant to 28 U.S.C. § 1963 as Docket No. 18 MS 0302.

2.  Defendant / Garnishee ORASCOM TELECOM HOLDING S.A.E is indebted to judgment debtor PA.

3.  Plaintiffs therefore bring this action pursuant to CPLR § 5227 for a judgment of turnover against Defendant / Garnishee ORASCOM TELECOM HOLDING S.A.E.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction in this action pursuant to its ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. § 1963.

5.  This Court has jurisdiction over the Defendant - Garnishee pursuant to FED. R. CIV. P. 4(k)(1).

6.  The Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) and (d).

## THE PARTIES

7.  Plaintiff THE ESTATE OF YARON UNGAR, which is represented in this action by a court-appointed administrator, attorney David Strachman, holds a judgment against the PA and the PLO, jointly and severally, in the amount of $2,932,158.00.

8.  Plaintiffs DVIR UNGAR and YISHAI UNGAR, minors who bring this action through their grandparents and legal guardians plaintiffs Meir Ungar, Judith

Ungar, Uri Dasberg and Judith Dasberg, each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $30,488,482.50.

9. Plaintiffs PROFESSOR MEIR UNGAR and JUDITH UNGAR, who bring this action individually and in their capacity as legal guardians of plaintiffs Dvir and Yishai Ungar, each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $15,000,000.00.

10. Plaintiffs RABBI URI DASBERG and JUDITH DASBERG bring this action in their capacity as legal guardians of plaintiffs Dvir and Yishai Ungar.

11. Plaintiffs AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $7,500,000.00.

12. Defendant / Garnishee ORASCOM TELECOM HOLDING S.A.E (hereinafter "ORASCOM") is a corporation organized and existing pursuant to the laws of the State of Egypt.

13. ORASCOM, itself and through its agents, continuously and permanently does extensive, substantial business in the State of New York.

14. ORASCOM, itself and through its agents, maintains assets within the State of New York.

## STATEMENT OF FACTS

**A.    Background**

15.    Plaintiffs are the orphaned children, parents, siblings and administrator of the Estate of United States citizen Yaron Ungar, who was murdered, along with his pregnant wife Efrat, in a terrorist machine-gun attack on June 9, 1996 in Israel.

16.    A 25 year-old New York native, Yaron was a schoolteacher studying for rabbinical ordination when he was murdered.

17.    In March 2000, the Ungar family filed suit against the Palestinian Authority, the Palestine Liberation Organization, and other defendants, in the United States District Court for the District of Rhode Island under the Antiterrorism Act ("ATA") 18 U.S.C. § 2331 *et seq. Ungar et al. v. The Palestinian Authority et al.*, Civil Action 00-105L (D.R.I.).

18.    Section 2333(a) of the ATA creates a federal cause of action for a U.S. national, or his estate, survivors and heirs, injured by reason of an act of "international terrorism" as defined in § 2331.

19.    On July 13, 2004, the United States District Court in Rhode Island entered final judgment for the plaintiffs and against the PA and PLO, jointly and severally, in the amount of $116,409,123.00 in damages, and for attorney's fees in the amount of $11,925.00 against the PA and $6,345.00 against PLO, and on March 31, 2005, the Court of Appeals for the First Circuit affirmed the judgment of the Rhode Island

District Court. *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I. 2004) *aff'd* 402 F.3d 274 (1st Cir. 2005).

20. On May 5, 2005, the United States District Court for the District of Rhode Island entered an order finding that

> (i) Plaintiffs have presented evidence that Defendants do not intend to honor the judgment of the Court in this action, that Defendants have recently liquidated assets comprising a significant part of their overall investment portfolio, and that persons holding Defendants' assets in the United States are in the process of returning those assets to Defendants.
>
> (ii) Defendants are foreign entities and the dissipation of their U.S.-based assets is liable to render satisfaction of the judgment entered by this Court impossible. That judgment is intended to compensate Plaintiffs for the murder of their decedent, and Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

Injunction, May 5, 2005, *Ungar v. Palestinian Authority*, Civil Action 00-105L (D.R.I.).

21. The PA and PLO have refused to satisfy plaintiffs' judgment, and have expressly informed the Ungars' trial counsel that they "will never pay" the judgment.

22. The PA and the PLO are refusing to pay the Ungars' judgment because they do not recognize the authority of this Court or of any other court of the United States.

23. On July 15, 2005, Judge Marrero of this court ordered the PA and PLO to pay discovery sanctions previously imposed by the court in *Knox v. Palestine Liberation Organization*, Civ. No. 4466 (VM), and to answer the complaint in that action, by no later than August 15, 2005. In response to that order, the PLO and PA sent a letter to Judge Marrero stating that:

> [T]he defendants have instructed counsel to present only their position that U.S. courts have no jurisdiction over them and not to answer on the merits . . .
>
> This same position, that the Court has no jurisdiction over them, applies to the order for defendants to pay sanctions.

Letter from Ramsey Clark to Marrero, J., August 15, 2005, *Knox v. Palestine Liberation Organization*, Civ. No. 4466 (VM).

24. Plaintiffs have registered their judgment against the PA and PLO in this Court pursuant to 28 U.S.C. § 1963 as Docket No. 18 MS 0302.

25. Pursuant to 28 U.S.C. § 1963, plaintiffs' judgment now has "the same effect as a judgment of" this Court "and may be enforced in like manner."

26. ORASCOM is a holding company incorporated in Egypt.

**B.   Defendant ORASCOM Is Indebted to Judgment-Debtor PA**

27. As the result of various investments made by the PA in the past, ORASCOM is currently indebted to the PA in the amount of at least 45 million dollars ("ORASCOM's Debt").

28. ORASCOM's Debt is nominally titled to the Palestine Investment Fund ("PIF").

29. The PIF is a corporation established by the PA to serve as a custodian of assets owned by the PA.

30. Though ORASCOM's Debt is nominally titled to the PIF, both the PA and the PIF agree that ORASCOM's Debt is an asset owned by the PA.

31. The PIF does not own, and does not purport to own, ORASCOM's Debt.

32. ORASCOM's Debt is titled to the PIF, only because the PIF was established to serve as a custodian of assets owned by the PA.

33. In written correspondence with the PIF recently obtained by the plaintiffs, ORASCOM admitted that ORASCOM's Debt is an asset owned by the PA.

34. Naguib Sawiris, the Chairman of ORASCOM, has admitted under oath that ORASCOM's Debt is an asset owned by the PA.

35. Any past or future claim by ORASCOM in this Court that ORASCOM's Debt is not owned by the PA, constitutes a knowing fraud on this Court intended to unlawfully prevent the plaintiffs from enforcing their judgment against the PA.

36. While ORASCOM has repeatedly sought to represent itself to this Court as a neutral garnishee, in fact ORASCOM has secretly coordinated its defense of plaintiffs' enforcement proceedings in this Court with the PA and with the PIF.

37. ORASCOM's false claim that ORASCOM's Debt is not owned by the PA is made pursuant to the defense strategy jointly agreed upon by ORASCOM, the PA and the PIF.

38. Though plaintiffs are not required to identify legal theories in this Complaint, they make the following clarifications:

39. Because the PA and PIF agree that ORASCOM's Debt is an asset owned by the PA, plaintiffs do not believe that it will be necessary to assert any legal theory in order to render ORASCOM'S Debt subject to turnover in this action. Rather, ORASCOM's Debt is per se subject to turnover in satisfaction of plaintiffs' judgment against the PA, because it is an acknowledged asset of the PA.

40. To the extent, if any, that plaintiffs will be required to assert legal theories in this action, they intend to assert theories of trust, resulting trust, constructive trust, and (in the alternative) fraudulent conveyance.

41. Plaintiffs do not and will not seek in this action to establish that the PIF is an alter ego of the PA.

42. Plaintiffs do not and will not seek in this action to pierce the PIF's corporate veil.

43. Plaintiffs do not and will not seek in this action to hold the PIF liable for the underlying judgment against the PA.

## AS AND FOR PLAINTIFFS' CLAIM FOR RELIEF
## TURNOVER
## PURSUANT TO CPLR § 5227

44. Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if they were more fully set forth herein.

45. Plaintiffs are judgment-creditors of the PA.

46. ORASCOM is indebted to judgment-debtor PA.

47. Plaintiffs are therefore entitled to an order and judgment pursuant to CPLR § 5227 ordering ORASCOM to turnover and pay to Plaintiffs, to the extent of the full amount of Plaintiffs' judgment against the PA, all debts owed by ORASCOM to the PA, however titled.

**WHEREFORE**, the Plaintiffs demand an order and judgment against Defendant – Garnishee ORASCOM:

(i) Ordering Defendant / Garnishee ORASCOM to turnover and pay to Plaintiffs, up to the full amount of Plaintiffs' judgment against the PA and the statutory post-judgment interest thereon, all debts owed, due and/or payable by ORASCOM to the PA, however titled, including ORASCOM's Debt as defined herein; and

(ii) Awarding Plaintiffs their costs, expenses, disbursements and attorney's fees in connection with this proceeding, together with such other and further relief that this Court deems just, proper and equitable.

Dated:  New York, New York
        July 23, 2007

                Yours,

                JAROSLAWICZ & JAROS, LLC
                *Attorneys for the plaintiffs*

        by:   *Robert J. Tolchin*
                Robert J. Tolchin

                225 Broadway, 24th Floor
                New York, New York 10007
                (212) 227-2780

                David Strachman, Esq.
                MCINTYRE, TATE & LYNCH, LLP
                *Attorneys for the plaintiffs*
                321 South Main Street, Suite 400
                Providence, Rhode Island 02903
                (401) 351-7700